UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


BENJAMIN WALKER,

        Plaintiff,

                                       Case No. 2:05-cv-142
v.                                    HON. ROBERT HOLMES BELL

UNKNOWN STASEWICH,

        Defendant.

_____/


**REPORT AND RECOMMENDATION**

        Plaintiff Benjamin Walker, an inmate at the Alger Maximum Correctional Facility,

filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against defendant Daniel Stasewich.

Plaintiff alleges in his complaint that on July 29, 2004, defendant Stasewich removed plaintiff from

the segregation cell to escort plaintiff to health care.  Defendant Stasewich slammed steel handcuffs

around plaintiff's wrists, causing pain to shoot up plaintiff's arms.  Defendant Stasewich allegedly

stated that plaintiff had it coming.  Prisoner Figel allegedly witnessed the incident and heard

Stasewich make a racial comment.  On September 14, 2004, defendant Stasewich again allegedly

used a racial slur and roughly grabbed plaintiff by the shoulders while escorting plaintiff to the

segregation yard.  Plaintiff alleges that defendant Stasewich threatened him on December 6, 2004,

for filing grievances.  Plaintiff fears further retaliation from defendant Stasewich.  Plaintiff alleges

that he submitted a grievance directly to Step III, but the grievance was rejected on December 13,

2004.  Plaintiff alleges that he was returned to segregation in 2004, after receiving threats from

defendant Stasewich.  Plaintiff requests relief from racial discrimination and degradation, invidious discrimination, harassment and retaliation, including physical contact.

Defendant has moved to dismiss the complaint for failure to exhaust grievance remedies.  Plaintiff has moved to amend his complaint.  In his motion to dismiss, defendant contends that plaintiff has failed to sufficiently allege and show exhaustion of available administrative remedies.  Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies.  *See also Booth v. Churner*, 121 S. Ct. 1819, 1823-24 (2001).  A district court must enforce the exhaustion requirement sua sponte.  *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).  A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process.  *See Booth*, 121 S. Ct. at 1823; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 121 S. Ct. 634 (2000); *Hartsfield v. Vidor*, 199 F.3d 305, 308 (6th Cir. 1999); *Wyatt*, 193 F.3d at 878-79; *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999).

Defendant has asserted that plaintiff never exhausted his retaliation claim involving the alleged December 6, 2004, incident.  Plaintiff submitted a direct Step III grievance on the issue, but the grievance was rejected.  Plaintiff was informed to comply with the normal grievance procedures.  Plaintiff failed to file any further grievances on the issue.  Plaintiff argues that the total exhaustion rule articulated by the Sixth Circuit in *Jones Bey v. Johnson*, *et al.*, 407 F.3d 801 (6th Cir. 2005), cannot be applied by this court because it conflicts with the Sixth Circuit's holding in *Hartsfield v. Vidor*, 199 F.3d 305 (6th Cir. 1999).  The Sixth Circuit has rejected this argument,

recognizing that the *Hartsfield* decision established no precedent and made absolutely no findings

related to the total exhaustion rule. *Rinard v. Luoma*, 440 F.3d 361 (6th Cir. 2006) (rejecting lower

court cases that relied upon *Hartsfield* to ignore the express holding of *Jones Bey* which adopted the

total exhaustion rule).

Because plaintiff's complaint contains both exhausted and unexhausted claims,

dismissal of the complaint is appropriate. Plaintiff argues, however, that the December 6, 2004,

incident is not critical or important to his complaint. Plaintiff filed a motion to amend his complaint

to delete reference to the unexhausted incident. Plaintiff is essentially requesting to voluntarily

dismiss his retaliation claim involving the December 6, 2004, claim. A prisoner may not amend his

complaint to cure the exhaustion requirement. *Baxter v. Rose*, 305 F.3d 486, 488-89 (6th Cir. 2002).

Accordingly, it is recommended that defendant's motion to dismiss without prejudice

(docket #10) be granted and plaintiff's motion to amend his complaint (docket #13) be denied.

Further, if the court adopts this recommendation the court should decide that an

appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See*

*McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court

grants defendants' motion to dismiss, the court can discern no good-faith basis for an appeal. It is

recommended that should the plaintiff appeal this decision, the court assess the $455 appellate filing

fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from

proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he should

be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be

served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of

this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140

(1985).


         /s/ Timothy P. Greeley
        TIMOTHY P. GREELEY
        UNITED STATES MAGISTRATE JUDGE

Dated:   May 4, 2006